# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SETH T. PARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-515-R |
| ) | |
| TRICAN WELL SERVICE, L.P. and ) | |
| TRICAN WELL SERVICE LTD, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Trican Well Service LTD's ("Trican Canada") motion for certification under 28 U.S.C. § 1292(b) to take interlocutory appeal of the Court's August 17, 2015 order [Doc. No. 24] denying Trican Canada's motion to dismiss for lack of personal jurisdiction, and a stay of proceedings pending resolution of the appeal. Plaintiff Seth T. Park opposes the motion. For the reasons stated below, the Court DENIES Trican Canada's motion.

## I.  BACKGROUND

Plaintiff brings this suit against Trican Canada, a company headquartered in Alberta, Canada, and its subsidiary Trican Well Service, L.P. ("Trican USA"), a company headquartered in Texas, under various contract and tort theories. Pet. ¶ 1; Doc. No. 16, Ex. 3, ¶ 4. As pertinent to these proceedings, Plaintiff worked for Trican USA in Shawnee, Oklahoma. Pet. ¶ 13. For about three months of Plaintiff's employment, Trican Canada employee Chris Hubley trained and supervised Plaintiff in Shawnee. Doc. No. 17, Ex. 1, ¶ 6. After giving notice, Plaintiff's last day with Trican USA was April 9,

1

2014. Pet. ¶ 15. Three days later, Hubley contacted Plaintiff regarding a position with Trican Canada in Siberia, Russia. *Id.* ¶ 18. Over the next two months, Plaintiff communicated with Hubley and other Trican Canada employees regarding the position. *Id.* ¶¶ 3, 18. During the course of these communications, Plaintiff alleges, he entered into an employment contract with Trican Canada. *Id.* ¶¶ 22-23. At some point, however, Plaintiff learned from Hubley that Trican USA had placed him on a "non-rehirable" list. *Id.* ¶ 34. Despite initial assurances from Trican Canada employees that they were looking into and attempting to resolve the issue, Plaintiff eventually stopped hearing from Trican Canada. *Id.* ¶¶ 34-35, 37. This lawsuit ensued.

Trican Canada moved to dismiss the claims against it for lack of personal jurisdiction. Doc. No. 16. On August 17, 2015 the Court denied the motion (the "August 17 Order"). Doc. No. 24. After reviewing the record evidence, the Court found that Trican Canada had sufficient minimum contacts with Oklahoma to confer specific personal jurisdiction. Doc. No. 24, at 8-11. The Court also found that Trican Canada failed to show that the exercise of jurisdiction would be unreasonable. *Id.* at 16. Trican Canada filed the instant motion, seeking to certify the Court's August 17 Order for interlocutory review and an interim stay of these proceedings. Doc. No. 27. This matter is now fully briefed and ripe for resolution.

## II. ANALYSIS

Interlocutory appeals "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *State of Utah v. Kennecott Corp.,*

14 F.3d 1489, 1495 (10th Cir.1994) (quoting *Hearings on H.R. 6238 and H.R. 7260 Before Subcomm. No. 3 of the House Comm. on the Judiciary*, S.Rep. No. 2434, 85th Cong., 2d Sess. 1, at 14 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5262 (report of Tenth Circuit Committee, accepted without dissent by the other circuits); *see also Am. Fid. Assur. Co. v. Bank of N.Y. Mellon*, 2014 WL 8187951, at *3 (W.D. Okla. Dec. 12, 2014) (quoting *id.*); *Grimes v. Cirrus Indus., Inc.*, 2010 WL 2541664, at *3 (W.D. Okla. June 18, 2010) (same). Accordingly, interlocutory appeals are not appropriate to "merely . . . provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir.1966) (vacating grant of interlocutory appeal).

The district court serves as the "first line discretion" in determining whether to permit an interlocutory appeal. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *Bank of N.Y. Mellon*, 2014 WL 8187951, at *3 (quoting *id.*). Congress empowered a district court to permit such appeals only if it finds: (1) the order is not otherwise appealable; (2) the order involves a controlling question of law; (3) there is substantial ground for difference of opinion as to the question at issue; and (4) an immediate appeal will materially advance the termination of the litigation. 28 U.S.C. § 1292(b). The party seeking such certification bears the burden of demonstrating such an appeal is warranted. *See White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994); *see also Moody v. Ford Motor Co.*, 2007 WL 3046662, at *1 (N.D. Okla. Oct. 16, 2007) (citing *id.*).

Having reviewed the parties' submissions, the Court finds that Trican Canada has failed to demonstrate that all of the statutory requirements of § 1292(b) are present here.

3

### A. *Whether the August 17 Order Is Otherwise Appealable*

There is no dispute that the August 17 Order denying Trican Canada's motion to dismiss for lack of personal jurisdiction is not otherwise appealable. This requirement is satisfied.

### B. *Whether the August 17 Order Involves a Controlling Question of Law*

Trican Canada argues that a controlling question of law is present because the August 17 Order involves a determination of personal jurisdiction. Doc. No. 27, at 3-4. That, however, does not end the inquiry under § 1292(b). As used in § 1292(b), a question of law refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Bd. Of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). Such questions should be "pure" questions of law that call for the resolution of "abstract" legal issues, not simply the application of the law to particular facts. *Id.* at 676-77; *see also In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d 1276, 1312 (N.D. Okla. 2010), *on reconsideration in part* (July 30, 2010) (citing *id.*); *Certain Underwriters at Lloyd's, London, Subscribing To Policy No. 501/NM03ACMB v. Nance*, 2006 WL 4109675, at *3 (D.N.M. Aug. 24, 2006) (same). "Pure" questions appropriate for review under § 1292(b) are those that the court of appeals can "decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677; *N. Arapaho Tribe v. Ashe*, 925 F. Supp. 2d 1206, 1223 (D. Wyo. 2012) (citing *id.*); *In re Adam Aircraft Indus., Inc.*, 2010 WL 717841, at *3 (D. Colo. Feb. 23, 2010) (same). A question is "controlling" under § 1292(b) "if its incorrect disposition

would require reversal of a final judgment." *Grimes*, 2010 WL 2541664, at *2 (citations omitted).

Trican Canada seeks a review of the Court's determination that it had sufficient contacts with Oklahoma to warrant the exercise of personal jurisdiction. Doc. No. 6-7.[1] This issue would be "controlling" because an incorrect determination of personal jurisdiction would require reversal of a final judgment. However, the issue does not implicate a question of law. Review of this issue, as Plaintiff points out, would require the Tenth Circuit to examine over three hundred pages of briefing, including a relatively extensive factual record. This is not a "pure" question of law that would involve the "quick[] and clean[]" review that § 1292(b) contemplates. *See Schultheis v. Cmty. Health Sys., Inc.*, 2012 WL 2017975, at *2 (S.D. Ill. June 5, 2012) (review of personal jurisdiction did not involve question of law where it would require the court of appeals to look at evidence, facts, and affidavits) (citations omitted). Thus, the Court finds that Trican Canada cannot meet this requirement of § 1292(b).

### C. *Whether a Substantial Ground for Difference of Opinion Exists*

Trican Canada also fails to show that a substantial ground for difference of opinion exists. To determine if such ground exists, "courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citations and quotations omitted). Disagreements as to how a court applied well-settled law, or that courts may apply settled law differently are insufficient to show that a

---

[1] While Trican Canada makes this argument in its discussion of the "substantial grounds for disagreement" requirement of the § 1292(b) inquiry, this argument is also relevant in this discussion.

substantial ground for difference of opinion exists. *Id.*; *see also Grimes*, 2010 WL 2541664, at *2 (defendant's disagreement with court's personal jurisdiction factual analysis insufficient under § 1292(b)); *Fed. Trade Comm'n v. Skybiz.com, Inc.*, 2001 WL 1673630, at *1 (N.D. Okla. Oct. 22, 2001) (§ 1292(b) movant "must make some showing beyond its disagreement with the Court's ruling."). Rather, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633.

Trican Canada argues that such ground exists here with respect to the Court's minimum-contacts analysis. Doc. No. 27, at 6-7. The Court considered Trican Canada's contacts with Oklahoma giving rise or relating to the litigation and found they were sufficient to exercise specific personal jurisdiction. Doc. No. 24, at 8-11. Trican Canada contends some of these contacts did not give rise to and were unrelated to the litigation and therefore the Court erroneously considered them to find specific jurisdiction. Doc. No. 26, at 6-7; Doc. No. 32, at 4-5. In support, Trican Canada contrasts the types of contacts this Court considered in its August 17 Order with those the Tenth Circuit considered in *Benton v. Cameco Corp.*, 375 F.3d 1070, 1077 (10th Cir. 2004) and *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008). *Id*. These cases, however, do not demonstrate a lack of clarity in the governing legal standard, as required under § 1292(b). *Couch*, 611 F.3d at 633; *Grimes*, 2010 WL 2541664, at *2; *Skybiz.com.*, 2001 WL 1673630, at *1. Nor do the cases indicate that the Court applied

the incorrect legal standard, particularly given that the Court's August 17 Order cites *Benton* and discusses *AST Sports* at length in its minimum-contacts analysis. Doc. No. 24, at 9-10. Instead, at most, these cases illustrate Trican Canada's disagreement with the Court's factual analysis. Such disagreement is insufficient to show that a substantial ground for a difference of opinion exists. *See Grimes*, 2010 WL 2541664, at *2; *In re Adam Aircraft*, 2010 WL 717841, at *4 (D. Colo. Feb. 23, 2010); *Skybiz.com.*, 2001 WL 1673630, at *1. Accordingly, the Court finds that Trican Canada cannot meet this requirement of § 1292(b).

### D. *Whether an Interlocutory Appeal Will Materially Advance the Ultimate Termination of the Litigation*

Finally, it is not clear that an interlocutory appeal will materially advance the ultimate termination of this litigation. To be sure, reversal of this Court's August 17 Order could result in Trican Canada's dismissal from the case. However, other factors indicate that Trican Canada's dismissal would not *materially* advance the ultimate termination of the litigation. First, this litigation would continue as to Trican USA. *See Grimes*, 2010 WL 2541664, at *3-4 (dismissal of one defendant would not materially advance the ultimate termination of the litigation where other defendants remained). Second, Trican Canada may remain involved in the case as a non-party because it may have information important and relevant to the case. This is particularly possibile, given that Plaintiff's causes of action against remaining defendant Trican USA involve representations and statements made to certain Trican Canada employees. As another federal court recently noted, "[o]btaining discovery from a foreign non-party could be

7

even more complex and time-consuming than obtaining it from a foreign party." *Falco v. Nissan N. Am. Inc.*, 2015 WL 3498254, at *4 (C.D. Cal. June 3, 2015) (given potential for continued involvement, unclear that party's dismissal would materially advance termination of litigation). Thus, Trican Canada's dismissal may not result in any time savings for this Court or the other litigants. As such, Trican Canada has not shown that an interlocutory appeal would materially advance the ultimate termination of the litigation and has failed to satisfy this requirement of the § 1292(b) inquiry.

### III.  TRICAN CANADA'S REQUEST FOR A STAY OF PROCEEDINGS

Because the Court will not certify for interlocutory appeal its order denying Trican Canada's motion to dismiss for lack of personal jurisdiction, it is not necessary to stay the proceedings pending the Tenth Circuit's review of the matter.

### IV.  CONCLUSION

For the foregoing reasons, Trican Canada's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and Stay of Proceedings (Doc. No. 27) is hereby **DENIED.**

IT IS SO ORDERED this 20TH day of October, 2015.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE